UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:21-cv-02029-JLS-DFM                              Date: May 24, 2022
Title: Emma Rebecca Imery v. Nissan North America, Inc. et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| D. Rojas | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 12)**

  Before the Court is Plaintiff's Motion to Remand. (Mot., Doc. 12-2; Mem., Doc. 12.)  Defendant opposed.  (Opp., Doc. 23.)  The Court found this matter appropriate for decision without oral argument and took the matter under submission.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15; *see also* Doc. 19.  Having considered the parties' briefs, and for the reasons stated below, the Court DENIES the Motion.

  On November 1, 2021, Plaintiff Emma Rebecca Imery filed the present action in the Superior Court of California for the County of Orange asserting claims for: (1) violation of the Song-Beverly Act for Breach of Express Warranty; (2) violation of the Song-Beverly Act for Breach of Implied Warranty; (3) violation of the Song-Beverly Act Section 1793.2; and (4) fraud by fraudulent inducement and concealment.  (*See* Compl., Doc. 1-2.)  The Complaint was served on Defendant Nissan North America ("Nissan") on November 3, 2021.  (Notice of Removal ("NOR"), Doc. 1, ¶ 6; Thomas Decl., Doc. 1-1, ¶ 4.)  The Complaint itself is silent as to the amount in controversy or the purchase price of the vehicle, but specifies that the action seeks general, special, and actual damages, rescission of the purchase contract and restitution of all monies expended, civil penalty in the amount of two times Plaintiff's actual damages, and for reasonable attorney fees and costs, among other remedies.  (*See* Compl. at 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-02029-JLS-DFM                              Date: May 24, 2022
Title:  Emma Rebecca Imery v. Nissan North America, Inc. et al

  Nissan obtained the Vehicle Sales Contract—the sales agreement concerning the subject vehicle—on November 15, 2021.  (NOR ¶ 7.)  The contract indicated that the sales price of the vehicle was $36,684.80 and the car had 7 miles on the odometer at the time Plaintiff purchased it.  (Thomas Decl. ¶ 14.)  Based on this information, Nissan filed a Notice of Removal on December 9, 2021.  (*See* NOR.)

  Imery has filed the present Motion to Remand alleging that remand is warranted solely because Nissan's Notice of Removal is "procedurally defective" because it was filed six (6) days after the thirty-day deadline for removal prescribed by 28 U.S.C. § 1446(b)(1).  (Mem. at 1-2.)  Imery species that she "has never contested, nor intends to contest, the amount in controversy alleged by [Nissan], nor the citizenship of the parties, for purposes of diversity jurisdiction."  (*Id.* at 1.)  Additionally, Imery requests that the Court award her monetary sanctions under 28 U.S.C. § 1447(c) on the ground that it was objectively unreasonable for Nissan to file the procedurally defunct Notice of Removal.  (Mem. at 8.)

  Nissan's Opposition argues that the Motion should be denied because: (1) its December 9, 2021 removal was timely, as Imery's initial complaint was not removable on its face, and (2) Imery's Motion fails to comply with Local Rule 7-3, which alternatively justifies denial.  (Opp., Doc. 23, at 4-10.)  Nissan also contends that Imery's request for attorney fees should be denied because its removal was not objectively unreasonable.  (*Id.* at 11.)

  28 U.S.C. § 1446(b)(1) provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b)(3) provides, however, that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-02029-JLS-DFM								Date: May 24, 2022
Title:  Emma Rebecca Imery v. Nissan North America, Inc. et al

"In *Harris v. Bankers Life & Casualty Co.*, the Ninth Circuit addressed when the thirty-day removal clock was triggered in situations where 'it is unclear from the complaint whether the case is removable.'"  *Sweet v. United Parcel Serv., Inc.*, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005)).  There, the court "considered and rejected the proposition that a defendant has a duty to investigate—in its own records or otherwise—a basis for removal when the pleading does not disclose one on its face."  *Id.*  "It also rejected the suggestion that the defendant's subjective knowledge or a 'clue' in the complaint might trigger the thirty-day clock."  *Id.*  Indeed, *Harris* confirmed that "notice of removability under § 1446(b) is determined through the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris*, 425 F.3d at 694.  "Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal."  *Id.*  By contrast, "[i]f no ground for removal is evident in that pleading, the case is 'not removable' at that stage," and in such a case, "the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper."  *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

The Court agrees with Nissan that the amount in controversy was not apparent from the face of the complaint.  Thus, Imery's complaint falls within *Harris*'s ambit, and accordingly, Nissan was not obligated to file its Notice of Removal until thirty days after it received an order or other paper from which it could ascertain that the action was removable.  The sales contract was that relevant paper, which Nissan received on November 15, 2021; accordingly, Nissan's December 9, 2021 Notice of Removal was timely.

Moreover, the Court agrees with Nissan that Imery's failure to comply with Local Rule 7-3 alternatively provides a basis for the Motion's denial.  "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-02029-JLS-DFM                                              Date: May 24, 2022
Title:  Emma Rebecca Imery v. Nissan North America, Inc. et al

resolution," and such conference "shall take place at least seven (7) days prior to the filing of the motion." L.R. 7-3.  The purpose of Local Rule 7-3 is to help parties "reach resolution [and] eliminate[] the necessity for a hearing," which in turn promotes judicial economy and the administration of justice.  *See James R. Glidewell Dental Ceramics, Inc. v. Philadelphia Indem. Ins. Co.*, 2016 WL 9223782, at *1 (C.D. Cal. Sept. 12, 2016).  Parties must strictly adhere to the Local Rules of this district, and a district court has the discretion to strike any motion for failure to comply with the Local Rules.  *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002).

       As the Court denies Imery's Motion, it also denies her request for sanctions and attorney fees.

       For the foregoing reasons, the Court DENIES the Motion.

Initials of Deputy Clerk: droj